CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent from the majority’s opinion. I concur with the reasoning set forth by Workers’ Compensation Commission Chairman Liles Williams in his dissent to the Full Commission Order, wherein he states the following:
My two colleagues have voted to affirm the April 14, 2208[sic] Order of the Administrative Judge which found the *529 claimant sustained a compensable back injury on or about November 19, 2005. Even to the Administrative Judge, this is a doubtful claim with a number of inconsistencies in the evidence regarding the occurrence of this alleged injury. I would argue that not only is this a doubtful claim, it is downright hard to believe, and is not supported [by] a preponderance of the credible evidence.
The Claimant first sought medical treatment for a back problem a month after the alleged occurrence on December 20, 2005. According to the doctor’s notes of this visit, the Claimant reported that her back began hurting “a week ago” with no “specific injury or inciting event” to blame. Claimant herself testified she hurt her back specifically on November 19, 2005 when stepping [down] from a truck. The claimant denied this is the history she gave to Dr. Fineburg on December 20, even though Dr. Fineburg dictated these notes in the presence of the Claimant on December 20.
The Claimant also has a long and well[-]dociimented history of back pain, dating back to 2001, as reflected by the medical records of Singing River Hospital and University Medical Center. Claimant, of course, denies these records are accurate, and even denies any recollection of these hospital visits which occurred from October 2001 through October 2004.
The Claimant continued to work until January 20, 2006. From the time she first saw Dr. Fineburg on December 20, 2005, until she quit work on January 20, 2006, she never once related anything to her employer about a work[-]related back injury. Moreover, she reported to the local hospital on January 22 with a worsening of her back condition over the previous day and a half, but without any mention of an injury, work related or otherwise. It apparently wasn’t until the Employer contacted her on January 31, 2006 about her prolonged absence that she attempted to claim her condition was work related, although the Employer representative at the time testified that Ms. Patterson refused to say specifically what kind of work[-]related accident she had.
There are other flagrant inconsistencies in the Claimant’s story which need not be repeated here. Suffice it to say that the Claimant had the burden of proving by a preponderance of the credible evidence that she sustained a work[-]related back injury. In my opinion, she failed miserably, and not even the principle that doubtful cases should be resolved in favor of compensation is enough to compensate for the lack of credible evidence in her favor. I would reverse the Order of the Administrative Judge, and deny this claim accordingly.
¶ 17. Based upon the foregoing, I respectfully dissent. I agree with Commissioner Williams’s dissent finding that Susan Patterson failed to meet her burden of proving by a preponderance of the credible evidence that she sustained a work-related injury.